UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CELL Film Holdings, LLC,<br>8383 Wilshire Blvd, # 310<br>Beverly Hills, CA, 90211<br><br>       Plaintiff,<br><br>v.<br><br>**DOES 1-4,**<br><br>       Defendant, | Case No.: 3:17-cv-858<br><br>PLAINTIFF'S MOTION TO COMPEL<br>CHARTER COMMUNICATIONS, INC.<br>TO PROVIDE THE IDENTITY AND<br>ADDRESS OF DOE # 1 |

**NOW COMES** the Plaintiff and moves this Court for an Order compelling Time Warner Cable (nka Charter Communications, Inc.) to provide Plaintiff with the name and address of Doe # 1, I.P. Address 98.30.64.67. On or about June 17, 2017, Plaintiff served a subpoena upon Charter Communications, requesting that TWC provide the names, addresses and contact information for four Doe Defendants.  Charter responded on August 3, 2017, providing the names and addresses of three of the four Doe Defendants.  (Ex. 1) In its response, Charter indicated that the owner of I.P. Address 98.30.64,67 objected to Charter turning over the owner's name, address, and contact information.  (Ex. 2) Since then, the owner of I.P. address 98.30.64,67 filed an objection with the Court seeking to prohibit Charter from providing any identifying information relating to I.P. address 98.30.64.67. (Doc # 7) However, Doe # 1 has not provided any further information; not any information for the Court to contact him or her, nor any information with which Plaintiff can cause a copy of the Amended Complaint to be served upon him or her.

Charter has this information, and Charter should provide that information.  Charter provided the identical information on three other Doe Defendants in response to the same subpoena. Rule 45 does not permit a recipient of a subpoena to pick and choose what information it will provide, and what it will not, except as provided by Rule 45.  In this case, Doe # 2, filing pro se, has sought to quash the subpoena, citing as support Rule 45(d)(3)(A)(iii). Doe # 2, claims under the cloak of anonymity that Charter's response "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Charter has not filed the objection, but it is presently electing to protect its customer's anonymity, and has failed to produce the name, address and other contact information on Doe # 1.

Plaintiff makes two points: first, Doe # 1's name and address do not constitute privileged or protected matter; second, without that information, Plaintiff cannot proceed against Doe # 1. As to whether the information sought from Charter is privileged, Charter has not made that claim. Indeed, it is hard to imagine that the identity of an infringer of copyrighted material would be considered privileged or protected matter.  Doe claims the protection of privilege, but has provided no reason or explanation as to why the privilege should apply in this instance.  Plaintiff can see no reason why the protection should apply.

Doe # 1 has no legitimate expectation of privacy in the subscriber information he or she provided to Charter, much less in downloading and distributing the copyrighted Motion Picture without permission.  See Interscope Records v. Does 1-14, 558 F. Supp. 2d 1176, 1178-79 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); see also Arista Records LLC v. Does 1-19, 551 F. Supp. 2d at 8-9 (finding that the "speech" at issue was that Doe Defendant's alleged infringement of copyrights and that "courts

have routinely held that a Defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entm't Inc. v. Does 1–40, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); United States v. Hambrick, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000). This is because a person can have no legitimate expectation of privacy in information he or she voluntarily communicates to   third parties. See, e.g., Smith  v. Maryland, 442 U.S.  735, 743-44 (1979); United States v.  Miller, 425 U.S.  435, 442-43 (1976); Couch v. United States, 409 U.S. 322, 335-36 (1973); Guest, 255 F.3d at 335; United States v. Kennedy, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000); Hambrick, 55 F. Supp. 2d at 508.

Although the Defendant copied and distributed the Motion Picture without authorization using a fictitious user name, his conduct was not anonymous.  Using publicly available technology, the unique IP address assigned to each Defendant at the time of infringement can be readily identified.  When Doe # 1 entered into a service agreement with Charter, he knowingly and voluntarily disclosed personal identification information to it. As set forth above, this identification information is linked to the Defendant's IP address at the time of infringement, and recorded in Charter's subscriber activity logs. Because Doe # 1, as a consequence, has no legitimate expectation of privacy in this information, this Court should order Charter to provide the name, address, telephone number, and email address of Doe # 1. Absent such an order, Plaintiff will be unable to protect its copyrighted Motion Picture from continued infringement.

Hence, Plaintiff seeks an appropriate order explicitly authorizing all ISP's otherwise subject to FERPA to comply with the subpoena.

As to the good cause necessity of the information in Charter's possession, Plaintiff has sufficiently identified Doe # 1 through the unique IP address each Doe Defendant was assigned at the time of the unauthorized distribution of the copyrighted Motion Picture.   See Columbia Ins. Co., 185 F.R.D.  at 578-80.  Doe # 1 gained access to the Internet through Charter (under cover of an IP address) only by setting up an account with Charter. Charter can identify Doe # 1 by name through the IP address by reviewing its subscriber activity logs. Thus, Plaintiff can show that Doe # 1 is a "real person" whose name is known to Charter and who can be sued in federal court.

Second, Plaintiff has asserted a *prima facie* claim for direct copyright infringement in its Complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged and established that: (a) it owns the exclusive rights under the registered copyright attached as Exhibit 1 for the Motion Picture, and (b) the Doe Defendants copied or distributed the copyrighted Motion Picture without Plaintiff's authorization. See Complaint, ¶¶ 11-17. These allegations state a prima *facie claim* for  copyright infringement.   See 17 U.S.C. §106(1)(3); In re Amstar Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."); A&M Records, Inc.  v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir.  2001) ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights. Napster users who download files containing copyrighted music violate plaintiffs' reproduction rights."); 17 U.S.C §410.

4

Here, good cause exists because ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. If that information is erased, Plaintiff will have no ability to identify Doe # 2, and thus will be unable to pursue its lawsuit to protect its copyrighted work. "[W]here physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for discovery before the Rule 26 conference may exist.  Qwest Commc'ns, 213 F.R.D. at 419; see also Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing discovery prior to Rule 26 conference to inspect items in defendant's possession because items might no longer be available for inspection if discovery proceeded in the normal course).

Good cause exists here for the additional reason that a claim for copyright infringement presumes irreparable harm to the copyright owner.  See UMG Recordings, Inc. v. Doe, No. C 08-1193 SBA, 2008 WL 4104214, at *5 (N.D. Cal. Sept. 3, 2008) (finding good cause for discovery exists in Internet infringement cases, where a plaintiff makes a *prima facie* showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference); Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 14.06[A], at 14-03 (2003); Elvis Presley Enters., Inc. v. Passport Video, 349 F.3d 622, 631 (9th Cir. 2003).

The first and necessary step that Plaintiff must take to stop the infringement of its valuable copyrights and exclusive licensing and distribution rights is to identify the Doe Defendants who are copying and distributing the Motion Picture. This lawsuit cannot proceed without the limited discovery Plaintiff seeks because the ISPs are the only entities that can identify the otherwise anonymous Defendants. Courts regularly permit early discovery where

such discovery will "substantially contribute to moving th[e] case forward."  Semitool, 208
F.R.D. at 277.

Moreover, good cause exists here because there is a very real danger that the ISP will not
long preserve the information that plaintiffs seek. ISP's typically retain user activity logs
containing the information sought for only a limited period of time before erasing the data. Once
the information is gone, Plaintiff will never be able to identify the infringing Defendants. In
addition, good cause exists because the narrowly-tailored discovery request does not exceed the
minimum information required to advance this lawsuit and will not prejudice Doe # 2.  Semitool,
208 F.R.D. at 276.  There is no prejudice to Doe # 1 because Plaintiff only seeks the information
necessary to identify and serve him or her, and Plaintiff agrees to use the information disclosed
pursuant to the subpoenas only for the purposes of protecting their rights under copyright laws.


Timothy A. Shimko (0006736)
Shimko Law Offices LLC
1010 Ohio Savings Plaza
1801 East 9th St.
Cleveland, Ohio 44114
(216) 241-8300
tas@shimkolaw.com

Attorney for plaintiff

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was delivered by electronic means and by certified mail to:

Charter Communications, Inc.
12405 Powerscourt Dr.
St. Louis, MO 63131

Timothy A. Shimko